**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DEVDA DHARMPALSINH; AND
AARTI ZALA**                                                 **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO.** 1:22CV154-SA-RP

**SHRI HARI KRUPA, INC.; AND
MITUL PATEL, INDIVIDUALLY**                                  **DEFENDANTS**

**COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

**COME NOW** the Plaintiffs, Devda Dharmpalsinh, and Aarti Zala, by and through their counsel, Watson & Norris, PLLC, and file this action to recover damages for violations of their rights under the Fair Labor Standards Act and for the tort of wrongful termination against Defendants. In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

**<u>THE PARTIES</u>**

1. Plaintiff, Devda Dharmpalsinh, is an adult male who resided at 625 31st Avenue North, Apt. N-134, Columbus, Mississippi 39075 while employed with Defendants. Plaintiff has since moved out of state.

2. Plaintiff, Aarti Zala, is an adult female who resided at 625 31st Avenue North, Apt. N-134, Columbus, Mississippi 39075 while employed with Defendants. Plaintiff has since moved out of state.

3. Defendant, Shri Hari Krupa, Inc., is a Mississippi corporation that may be served through its registered agent: Jigar N. Patel, 625 31st Avenue North, Apt. I-75, Columbus, Mississippi 39705.

4. Defendant, Mitul Patel, individually, upon information and belief, is an adult resident citizen of Lowndes County, Mississippi and may be served with process at his place of employment: 2110 U.S. Hwy 45, Columbus, Mississippi 39701.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction for claims arising under the FLSA.

6. Jurisdiction is proper in this Court as the claims are brought pursuant to the FLSA to recover unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs.

7. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

8. Plaintiffs, Devda Dharmpalsinh and Aarti Zala, previously resided at 625 31st Avenue North, Apt. N-134, Columbus, Mississippi 39075 while employed with Defendants.

9. Plaintiff Zala and her husband, Plaintiff Devda, were hired on November 1, 2020, as Sales Associates at Shri Hari Krupa, Inc. d/b/a Texaco which is located in Columbus, Mississippi.

10. The Texaco store where Plaintiff Devda and Plaintiff Zala worked regularly took in over $500,000 in annual revenue.

11. In their roles as Sales Associates at Texaco, Plaintiff Devda and Plaintiff Zala functioned in all aspects of the store's general functioning, e.g., working as front desk workers, cashiers, stockers, and ordering inventory.

12. Plaintiff Zala and her husband, both worked at the same Texaco location in Columbus, Mississippi.

13. On Monday through Saturday, Plaintiff Devda worked from 6 a.m. to noon.

14. Then both Plaintiff Devda and Plaintiff Zala worked from noon to 3 p.m.

15. Then Plaintiff Zala worked by herself from 3 p.m. to 5 p.m.

16. Then Plaintiff Devda worked by himself from 5 p.m. to 11 p.m.

17. On Sundays, Plaintiff Devda worked 11 hours and Plaintiff Zala worked one hour, i.e., the store was open from 8 a.m. to 8 p.m.

18. Plaintiff Devda, therefore, worked 101 hours per week and Plaintiff Devda worked 31 hours per week.

19. Plaintiff Devda and Plaintiff Zala were paid collectively, in cash, $3,000 per month.

20. On or around July 15, 2021, Owner Mitul Patel instructed Plaintiff Devda and Plaintiff Zala to begin selling substances that are criminally illegal to sell over the counter.

21. Specifically, Mr. Patel instructed Plaintiff Devda and Plaintiff Zala to begin selling Kratom, K shots, Kratom, Delta 8, opms liquid, Green vein, viva Zen, marijuana weed, Methamphetamine white powder drugs, opms gold pills & opms 3 count silver pills.

22. Selling these controlled substances violates one or more of the following criminal statutes: sale of a controlled substance, trafficking, or conspiracy to sell a controlled substance.

23. On January 16, 2022, Mr. Patel told Plaintiff Devda and Plaintiff Zala that if they refused to sell the illegal substances in the store then they were terminated.

24. Plaintiff Devda and Plaintiff Zala refused to sell these illegal substances, so as of that day they were terminated.

25. On January 30, 2022, Plaintiff Devda filed a police report related to the illegal substances Mr. Patel was selling in his Texaco stores.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiffs allege and incorporate all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27. Plaintiffs were non-exempt employees and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs were entitled to minimum wages for the first forty (40) hours worked each work week and overtime pay for all overtime hours worked.

28. The Fair Labor Standards Act requires that employees be paid a federally mandated minimum wage and an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

29. Plaintiffs have not been properly paid a minimum wage or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

30. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiffs to liquidated damages and attorney fees.

### COUNT II: WRONGFUL TERMINATION

31.     Plaintiffs re-allege and incorporate by reference all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32.     Defendant Patel instructed Plaintiff Devda and Plaintiff Zala to sell criminally illegal drugs from his store

33.     Plaintiff Devda and Plaintiff Zala knew that selling these substances violated one or more of the following criminal statutes: sale of a controlled substance, trafficking, or conspiracy to sell a controlled substance.

34.     Defendant Patel told Plaintiff Devda and Plaintiff Zala that if they refused to sell the illegal substances in the store then they were terminated.

35.     Plaintiff Devda and Plaintiff Zala refused to commit a criminally illegal act by selling these controlled substances, so they were terminated.

36.     Plaintiff Devda and Plaintiff Zala have been harmed as a result of this unlawful retaliation and wrongful termination, and the Defendants are liable to Plaintiff Devda and Plaintiff Zala for the same.

37.     The acts of the Defendants are in direct contradiction of Mississippi's public policy and constitute a willful and intentional violation of Mississippi statutory and common law and constitute the tort of wrongful termination.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;

5. Liquidated damages;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 26th day of October 2022.

          Respectfully submitted,

          DHARMPALSINH DELVA and
          AARTI ZALA, Plaintiffs

          By: /s/Louis H. Watson, Jr.
               Louis H. Watson, Jr.  (MB# 9053)
               Nick Norris (MB# 101574)
               Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com